# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0539-L |
| | § | |
| WACHOVIA BANK, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed April 18, 2005.  After careful consideration of the motion, response, record, and the applicable law, the court **denies** Plaintiff's Motion to Remand.

## I.      Factual and Procedural Background

Carolyn Wilson ("Plaintiff" or "Wilson") originally filed this action against Defendants Wachovia Bank N.A. ("Wachovia"), Long Beach Mortgage ("Long Beach"), and Ace Securities Corp. Home Equity ("Ace Securities")[*] (collectively "Defendants") on February 13, 2004, in the 44th Judicial District Court, Dallas County, Texas.  Plaintiff amended her petition on March 11, 2005, to include Washington Mutual Bank ("Washington Mutual") as a Defendant.  Plaintiff contends that Defendants "have committed fraud in several ways and are in non-compliance with federal requirements due the Petitioner."  Pl.'s Am. Pet. for Fraud at ¶ 1.  Specifically, Plaintiff contends that she is victim of fraud because Defendants (1) failed to follow through on a new lowered interest rate commitment allowing forty-five (45) days until the next payment; (2) ignored her faxes and

---

[*]Ace Securities was never served with a copy of the summons and petition.

certified mail; and (3) prevented her from obtaining a new lender when a "Judicial District Judge

had dismissed their Application for Judicial Foreclosure."  *Id.*  Defendants Wachovia and Long

Beach Mortgage removed this action to federal court on March 17, 2005, with Washington Mutual's

consent.  Defs.' Response at ¶ 1.

Plaintiff filed her Motion to Remand on April 18, 2005, contending that the case should be

remanded because:

> (1) 28 U.S.C. 1446(a) pursuant to Rule II of F.R.C.P. Defendants
> failed to provide copies of all process, pleadings, and orders served
> upon Defendants with one Defendant, Washington Mutual, failing to
> answer.
>
> (2) 28 U.S.C. 1441(c) where the district court may determine all
> issues therein, or, in its discretion, may remand all matters where
> state law predominates (Texas Cash Out Equity Law).
>
> (3) 28 U.S.C. 1446(b) provides that a case may not be removed on
> the basis of jurisdiction conferred by section 1332 of this title more
> than 1 year after commencement of the action.

Pl.'s Mot. to Remand at ¶¶ 1-3.  Defendants respond that (1) they attached all copies of process and

pleadings to their Notice of Removal; (2) Washington Mutual was not served with process until after

the case was removed; (3) the federal courts have original jurisdiction over this action because

Plaintiff's sole allegation is that Defendants failed to comply with federal law; and (4) the Notice

of Removal was timely because it was filed within 30 days of receipt of the petition.  Defs.'

Response at ¶¶ 1-3.

II.     <u>Analysis</u>

     A.     **Applicable Law**

          1.     **Removal**

The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through service
> or otherwise, of a copy of the initial pleading setting forth the claim
> for relief upon which such action or proceeding is based, or within
> thirty days after the service of summons upon the defendant if such
> initial pleading has then been filed in court and is not required to be
> served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The receipt of the petition without formal service, however, does not trigger

the deadline for removal.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354

(1999).  Historically, removal statutes have always been construed strictly against removal and for

remand.  *Eastus v. Blue Bell Creameries,* L.P., 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)).

          2.     **Subject Matter Jurisdiction**

If Defendants complied with the requirements of 28 U.S.C. § 1446, the court must still

determine whether it has subject matter jurisdiction to hear Plaintiff's claims in this case.  Federal

courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate

a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  A

federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or

treaties of the United States, or in cases when the amount in controversy exceeds $75,000, exclusive

of interest and costs, and diversity of citizenship exists.  28 U.S.C. § 1331, 1332.  When a court does

not have subject matter jurisdiction, it lacks the power to adjudicate claims and must dismiss the

action.  *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing

*Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an

independent duty, at any level of the proceedings, to determine whether it properly has subject

matter jurisdiction over a case.  *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)

("subject-matter delineations must be policed by the courts of their own initiative even at the highest

level"); *McDonal v. Abbott Labs.,* 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise

subject matter jurisdiction *sua sponte*").

### B.    Plaintiff's Motion to Remand

Plaintiff first contends that Defendants failed to attach a copy of all process, pleadings, and

orders served on Defendants, as required by 28 U.S.C. 1446(a).  Pl.'s Mot. to Remand at ¶ 1.

Contrary to this contention, however, the record shows that Defendants attached all copies of

process and pleadings to their Notice of Removal.  Regarding Plaintiff's contention that Washington

Mutual "fail[ed] to answer," Washington Mutual was not served with process until March 21, 2005,

four days after the Notice of Removal was filed on March 17, 2005.  Defs.' Exhibit 1.  Plaintiff's

argument that remand of this action is proper on these grounds, therefore, is without merit.

Plaintiff next asserts that this case involves a state law – Texas Cash Out Equity Law– and

that the court, in its discretion, should remand the case.   Defendants counter, however, that this

court has jurisdiction over this matter, as the sole allegation in Plaintiff's Petition is that Defendants

Wachovia and Long Beach are in breach of federal law.  Defs.' Response at ¶ 2.  Specifically,

Plaintiff's lone claim is that Defendants have committed "fraud in several ways and are in non-

compliance with federal requirements due the Petitioner."  Pl.'s Am. Pet. for Fraud at ¶ 1.  Although

Plaintiff's claim is unclear, the use of the phrase "are in non-compliance with federal requirements"

causes one to reasonably infer that Defendants have allegedly broken federal law, and that this breach is the basis for Plaintiff's claims.  Plaintiff's allegations, at best, are weak, but meet the minimum threshold for the court to assert jurisdiction on the basis of a federal question.  The Petition does not state a "separate and independent claim or cause of action" joined with an otherwise non-removable claim or cause of action.  On its face, state law does not predominate the lone claim in Plaintiff's Petition, and Plaintiff's contention in her motion that this matter stems from "Texas Cash Out Equity Law" is unpersuasive.   Accordingly, Plaintiff's attempt to invoke 28 U.S.C. § 1441(c) in support of remand fails, and this court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331, as the lone claim arises under federal law.

Plaintiff's final argument in support of remand is that Defendants did not comply with the temporal requirements of 28 U.S.C. § 1446(b).  Plaintiff cites the second paragraph of this section, which provides "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  This case was commenced on February 13, 2004, and was removed on March 17, 2005, over a year later.  Defendants assert that their Notice of Removal was filed timely under the requirements stated in the first paragraph of 28 U.S.C. § 1446(b).  This paragraph requires the notice of removal of a civil action be filed within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim. Plaintiff contends that "the original Petition was filed and handed to Defendants' attorney in the courtroom on February 13, 2004." Pl.'s Mot. to Remand at ¶ 3. Defendants point out that no citation was issued or served by the Dallas County District Clerk's Office at that time.  Instead, Wachovia and Long Beach were not served until February 16, 2005, when they received Plaintiff's Petition for Fraud via certified mail directly from the Plaintiff.  Defendants filed a Notice of Removal on

March 17, 2005, within 30 days of the receipt by the agent for process of the Plaintiff's Petition for Fraud.

The court determines that Plaintiff's final argument also fails.  The one-year time limit for removal after commencement only applies if removal is solely based on jurisdiction conferred because of diversity of citizenship.  *See* 28 U.S.C. § 1446(b).  In their Notice of Removal, Defendants contend that removal is because the claims arise under federal law, 28 U.S.C. § 1331, and because the parties are diverse in citizenship, 28 U.S.C. § 1332.  Thus the one year bar is inapplicable.  The court further determines that it was when formal service occurred on February 16, 2005, that the 30-day  deadline for removal was triggered, not the delivery of the petition to Defendants' attorney in the courtroom on February 13, 2004.  *See Murphy Bros.*, 526 U.S. at 344.  Plaintiff's allegation that Defendants did not comply with the terms of 28 U.S.C. § 1446(b), therefore, is without merit, and Defendants properly removed the case.  Thus Plaintiff's Motion to Remand should be denied.

### III.    Conclusion

For the reasons stated herein, Defendants have established that removal of this action was proper.  As Plaintiff's allegations at least minimally establish the existence of a federal question, this court has subject matter jurisdiction.  Accordingly, remand would be inappropriate.  The court therefore **denies** Plaintiff's Motion to Remand.

Plaintiff's allegations do not meet the requirements of Fed. R. Civ. P. 8(a) that a pleading contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  The court is unable to determine which federal statute or law that Defendants allegedly violated.  Plaintiff is therefore **directed** to identify the specific federal law that Defendants allegedly violated

by **August 5, 2005**.  If Plaintiff fails to comply with this directive, the court may dismiss this case

for lack of jurisdiction, or for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b)

      **It is so ordered** this 15th day of July, 2005.


                              Sam A. Lindsay
                              United States District Judge